IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JUSTIN L. DOYLE                                                                                          PETITIONER
REG. #15814-045

V.                                      NO.  2:06CV00051 GH/JWC

LINDA SANDERS, Warden,                                                                         RESPONDENT
FCI, Forrest City, AR

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge George Howard, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

>   3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

Justin L. Doyle, an inmate in the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 petition for writ of habeas corpus challenging the policy of the Bureau of Prisons (BOP) regarding when a federal prisoner is eligible for transfer to a community corrections center (CCC), which is now referred to as a residential reentry center (RRC).  Respondent has filed a response (docket entry #7).  For the reasons that follow, the petition should be DISMISSED as moot.

Petitioner says he is serving a thirty-seven-month sentence of imprisonment imposed by the United States District Court, Western District of Missouri, for being a felon in possession of a firearm.  He says the BOP has tentatively scheduled him for transfer to a RRC on May 23, 2007, which will permit him about 101 days of RRC time.  He says the BOP has denied his request for additional time based on its February 2005 policy limiting RRC placement to the last ten percent of an inmate's sentence without regard to the inmate's individual circumstances.  He asks the Court to declare the BOP's February 2005

policy invalid and order the BOP to transfer him to a RRC for at least the final six months of his sentence.

In <u>Elwood v. Jeter</u>, 386 F.3d 842, 845-47 (8th Cir. 2004), the Eighth Circuit Court of Appeals invalidated a December 2002 BOP policy regarding CCC/RRC designation and held that the BOP has the discretion to transfer an inmate to a CCC/RRC at any time, but only the duty to consider a transfer to such a facility in the last six months of a sentence. <u>See</u> 18 U.S.C. § 3621(b) (BOP "may at any time ... direct the transfer of a prisoner from one penal or correctional facility to another"), § 3624(c) (BOP "shall, to the extent practicable, assure that a prisoner ... spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community").

In response to <u>Elwood</u> and other similar decisions, the BOP created the regulations challenged here, which became effective February 14, 2005. These regulations provide that, as a "categorical exercise of discretion," the BOP will designate inmates for CCC/RRC placement "only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months." 28 C.F.R. §§ 570.20, 570.21 (2005). Recently, in <u>Fults v. Sanders</u>, No. 05-3490, 2006 WL 870745 (8th Cir. Apr. 6, 2006), the Eighth Circuit Court of Appeals declared this policy invalid as conflicting with 18 U.S.C. § 3621(b), which lays out certain factors that must be considered by the BOP in making inmate placement or transfer determinations. <u>See id.</u> ("The Bureau may designate any available penal or correctional facility ... that the Bureau determines to be appropriate and suitable, considering – (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the

prisoner; (4) any [relevant] statement by the court that imposed the sentence ... ; and (5) any pertinent policy statements issued by the Sentencing Commission[.]"). Because § 3621(b) requires that discretion be exercised on an individual basis, the Eighth Circuit found that the February 2005 policy was invalid because it "removed the opportunity for the BOP to exercise discretion for all inmates not serving the last ten percent of their sentences." Fults, supra at *4; see also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 244 (3d Cir. 2005) (BOP regulation is invalid because the BOP "may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621(b) for making placement and transfer determinations").

Here, Respondent argues that the petition should be dismissed as moot because, in response to Fults, the BOP is currently modifying its procedures for institutions within the Eighth Circuit. Respondent states that Petitioner will be evaluated for RRC placement, utilizing the BOP policy used prior to the December 2002 and February 2005 policies, and that any RRC recommendation will be based on the § 3621(b) factors and correctional and population management interests, including the length of sentence, seriousness of current offense, criminal history, programming needs, availability of facilities and necessary health care, and public safety.

Article III of the United States Constitution requires that a "case or controversy" exist for standing to bring an action in federal court. U.S. Const. art. III, § 2, cl. 1. For a case or controversy to exist, a plaintiff must suffer an "injury in fact" which is "fairly traceable" to the challenged action of the defendant, and it is "likely, as opposed to merely speculative," that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Because Respondent will not be applying either the December 2002 or February 2005 policies to Petitioner, Petitioner has not shown that he

has suffered, or will suffer, an injury which is fairly traceable to either of the invalidated policies and which could be redressed by a grant of federal habeas relief. His challenges to the February 2005 policy are, therefore, moot.

Furthermore, nothing in Elwood, Fults or the applicable statutes entitles any prisoner to six months of placement in a RRC. See Woodall, 432 F.3d at 251 ("[T]hat the BOP may assign a prisoner to a [RRC] does not mean that it must."); Elwood, 386 F.3d at 847 ("We emphasize ... that 18 U.S.C. § 3624(c) does not require placement in a [RRC]."). Under Elwood, the BOP is simply required to formulate a plan of pre-release conditions, which *may* include RRC placement, and to place an inmate in pre-release conditions, which *may* include a RRC, for "a reasonable part of the last ten percent of [his] term;" however, neither of these obligations extends beyond the last six months of the prisoner's sentence. Id. Fults further defines the BOP's duty during that six-month period, requiring the BOP to consider RRC placement in good faith utilizing the statutory factors, without categorically limiting the possibility of RRC placement to the last ten percent of an inmate's sentence. Nothing in the decisions mandates that the BOP designate any inmate for RRC placement at any time, much less for the full six-month period.

Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus should be DISMISSED in its entirety. The dismissal should be without prejudice in the event Respondent does not abide by the representations made in this proceeding.

DATED this 28th day of April, 2006.

_____
UNITED STATES MAGISTRATE JUDGE